UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NELSON DIEP<br><br>vs.<br><br>UNITED STATES OF AMERICA | C.A. No. 03-604T |

**MEMORANDUM AND ORDER**

Ernest C. Torres, Chief United States District Judge.

Nelson Diep has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. He also has filed a motion to hold his §2255 motion in abeyance. For the reasons hereinafter stated, both motions are denied.

**Background and Travel**

On August 8, 2001, Diep was charged in a four-count indictment with: (1) possession of heroin with intent to distribute it in violation of 21 U.S.C. §841(a)(1); (2) possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1); (3) possession of a firearm by an illegal alien in violation of 18 U.S.C. §922(g)(5)(A); and (4) illegal reentry into the country in violation of 8 U.S.C. §1326(a) and (b)(2). On October 1, 2001, Diep pled guilty to all four counts.

The Presentence Investigative Report ("PSR") classified Diep as a Career Offender within the meaning of Sentencing Guidelines

§4B1.1,[1] because he previously had been convicted in state court of two felonies.[2] Under §4B1.1, Diep's base offense level was 32 and was reduced to 29 to reflect credit for acceptance of responsibility. As a Career Offender, his Criminal History was category VI.

Diep did not challenge those calculations and after a sentencing hearing conducted on February 22, 2002, he was sentenced to 151 months imprisonment, the lowest term in the applicable sentencing range.

Diep appealed, through new counsel who filed an Anders brief, and his conviction was affirmed on January 6, 2003. See United States v. Diep, Dkt. No. 02-1299, Judgment (1st Cir. 2003). Diep's conviction became final on April 6, 2003.

On or about October 16, 2003 Diep filed a *pro se* petition for postconviction relief in the Rhode Island Superior Court seeking to vacate the two state convictions on which his status as a Career Offender was based. Diep later retained counsel, who

---

[1] U.S.S.G. §4B1.1 provides that a defendant is considered to be a Career Offender for sentencing purposes "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

[2] Diep's criminal history shows that he pled guilty in 1996 to: (1) possessing heroin with intent to deliver in 1991; and (2) manufacturing and delivering a controlled substance in 1994. See PSR at ¶¶ 46, 51. For these convictions Diep was sentenced to 18 years at the Adult Correctional Institution with five years to serve and 13 years suspended probation. Id.

filed another postconviction relief petition on his behalf. Both petitions are still pending.

On December 22, 2003, Diep filed his § 2255 motion. He claims: (1) that his appointed counsel was ineffective in failing to investigate or to request additional funds to investigate the validity of his prior convictions; and (2) that those convictions were invalid because they were based on guilty pleas that were not knowing and voluntary and/or were the product of ineffective assistance of counsel. See Petition at ¶¶ 12, 13. Diep also requests that his motion to vacate be held in abeyance, pending the outcome of the pending state postconviction proceedings.

**Analysis**

The pertinent portion of § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

A. Validity of Convictions

A § 2255 motion is not the proper vehicle for attacking the constitutionality of a prior state court conviction used to enhance a federal sentence. See Daniels v. Unites States, 532 U.S. 375, 384, 121 S.Ct. 1578, 1582-83 (1994). A federal

defendant may attack the validity of a prior state conviction only if the conviction was obtained in violation of his right to counsel. Id., citing Custis v. United States, 511 U.S. 485, 487, 114 S.Ct. 1732 (1994).

Here, it is clear that neither of Diep's convictions has been vacated; and until they are, they are presumed valid. Id., 532 U.S. at 382, 121 S.Ct. 1578, citing Custis, 511 U.S. at 497, 114 S.Ct. 1732. If and when Diep succeeds in having those convictions vacated, he may file a § 2255 motion as long as he does so within the time limit prescribed by the statute. See Johnson v. United States, 125 S.Ct. 1571, 1575 (2005)(if a petitioner diligently seeks to vacate prior state convictions after imposition of a federal sentence, one-year limitation period under § 2255(4) begins to run upon notice of order vacating such prior state convictions).

B. Ineffective Assistance of Counsel

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

1. That his counsel's performance "fell below an objective standard of reasonableness;" and

2. "[A] reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland at 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 37, 41 (1st Cir. 2002).

The defendant bears the burden of identifying the specific

acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp. 2d 276, 279 (D.R.I. 2001)(citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993)); see also Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992)(summary dismissal of §2255 motion is proper where, *inter alia*, grounds for relief are based on bald assertions).

Diep's claim fails to satisfy either prong of Strickland's two-part test. Generally, counsel's failure to challenge the validity of prior state convictions cannot be the basis for a claim of ineffective assistance of counsel, because prior convictions - particularly those that have long since become final - are presumed valid. See United States v. Cox, 83 F.3d 336 (10th Cir. 1996)("Even if counsel did not thoroughly investigate defendant's prior convictions, he did not render ineffective assistance because the prior convictions are presumed valid.").

Here, Diep has presented no facts that would justify a departure from that general rule. He simply asserts a laundry list of reasons for claiming that the convictions should be vacated. However, unless and until Diep can demonstrate that there is merit to his claim, counsel cannot be faulted for failing to challenge those convictions. As already noted, those

convictions could not have been collaterally attacked during Diep's sentencing proceeding. Nor can it be said that counsel was deficient in failing to directly attack those convictions in state court, especially in the absence of any reason to believe that they were invalid. Otherwise, counsel for every federal defendant having prior convictions that affect the calculation of his federal sentence would be obliged to go to every jurisdiction in which the defendant had been convicted and challenge those convictions.

## Conclusion

At best, Diep's § 2255 motion is premature. If he succeeds in vacating his state sentences, he may re-file his motion. In the meantime, both his § 2255 motion, and his motion to hold it in abeyance, are denied.

IT IS SO ORDERED:

Ernest C. Torres

Ernest C. Torres
Chief United States District Judge

September 22, 2005